**FILED**

12cv262
Judge James B. Zagel
Magistrate Jeffrey Cole

JAN 13 2012

) STATES DISTRICT COURT

for the

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OPEN MIND SOLUTIONS, INC. )<br>      Plaintiff )<br>            vs. )<br> )<br>DOES 1-565 _____ )<br>      Defendant(s) )<br> ) | Civil Action No: 11:11-cv-01883-EGS |

## MOTION OF NONPARTIES TO QUASH SUBPOENAS

Nonparties Comcast Cable Holdings and John Doe ("Movant") hereby respectfully request that this Court quash the subpoenas purportedly served upon Movant, or in the alternative declare that no valid subpoena has properly been served upon the Movants pursuant to Fed. R. Civ. P. 45.

As grounds therefor, Movants state as follows:

- Movant Doe lives and works in the state of Georgia. The movant is not located within, nor does Movant operate any business within Illinois or within 100 miles of this Court.

- On or about December 13, 2011, plaintiff OpenMind Solutions, Inc., through counsel and third-party Internet Service Provider (ISP), purported to serve on Movant a subpoena by UPS Delivery, a copy of which is attached hereto as Exhibit A.
- The said purported subpoenas were not served in person as required by Fed. R. Civ. P. 45(b). No order by this Court has been provided to Movants or their counsel,
    authorizing service by overnight mail. Accordingly, plaintiffs' service fails to meet the requirement.
- The purported subpoenas do not set forth a place for responding thereto that is within 100 miles of the residence or place of business of any Movant as required by Fed. R. Civ.P. 45(c)(3)(B)(iii).
- Finally, and most importantly, the purported subpoenas would require that each non-party Internet Service Provider disclose to plaintiffs a list of persons who have downloaded certain content or information of public interest, on a matter of ongoing intense political debate, despite John Doe's privacy interest in avoiding such disclosure and despite their legitimate expectation of privacy in

1

anonymously accessing and/or downloading information of interest to them from the Internet. In addition to being unduly burdensome and unfair to Movant, this request raises concerns of tremendous constitutional significance, that should not be resolved lightly or without careful analysis of their implications. The Supreme Court has repeatedly reaffirmed the constitutional right to speak and act anonymously, see, e.g., MacIntyre v. Ohio Elections Commission, 514 U.S. 334, 342 (1995), and at least one court has recognized the importance of protecting anonymous speech in the Internet context. See ACLU v. Miller, 977 F. Supp. 1228, 1231 (N.D.Ga. 1997).

6.    This Court need not reach these complex constitutional issues, however, because

the subpoenas should be quashed for the reason (in addition to those set forth above) that they One complicating factor is that, as least with respect to ISP's logs, people who allegedly downloaded the Work (as defined by Plaintiff) through infringing activity —cannot be distinguished without error from people who may have rightfully downloaded the Work-- not subject to this Court's order and fully protected by the First Amendment. Accordingly, compliance with the subpoenas would result in the disclosure of the identities of people who did not download Work actually covered by the subpoena, and who plaintiffs have no right or need to learn the identities of are in support of a case that is not properly before this Court. The pending case is improper for at these dispositive reasons:

- The Court lacks personal jurisdiction over the defendants, including Movant named in the Complaint, and the underlying case must therefore be dismissed for that reason as well. The persons alleged to have committed the copying do not reside or work in this judicial district, and are not alleged to have acted in this judicial district.

- The anonymity of persons accessing Internet web sites should not be breached in aid of a case not properly filed in this Court. Indeed, in a similar situation, Columbia Insurance Co. v. SEESCANDY, Inc., 185 F.R.D. 573, 578-80 (N.D. Cal 1999), the court held that it would not breach the anonymity of an Internet poster without first requiring plaintiff to show the adequacy of the Complaint. See id. ("[P]laintiff should establish to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss. A conclusory pleading will never be sufficient to establish this element.")

2

7.      For each of the above reasons, the subpoenas are invalid. Moreover, the Movants

are not subject to personal jurisdiction in this Court.

8.      Nonetheless, out of an abundance of caution, Movants are filing the within motion rather than simply ignoring the invalid subpoenas as Rule 45 would permit them to do.

9.      This motion is not intended to constitute a general appearance, and does not waive or acknowledge personal jurisdiction over any Movant by this Court, said personal jurisdiction being expressly denied.

10.      Conclusion

The subpoenas must be quashed because they were not properly served, because they violate the geographic limitations of Rule 45, and because they impose an undue burden on Movants that raises significant constitutional questions. More fundamentally, they must be dismissed because they are in aid of an underlying case that itself must be dismissed for lack of lack of personal jurisdiction, and mootness. It is improper to impose on a third party the burden of any subpoena — particularly one that raises a host of thorny privacy issues — in aid of a case that does not belong in this Court in the first place.

Respectfully submitted,

DOES 1-565 (Movant)

Pro Se,

Dated: January 11, 2012,
John Doe
Address:

Certificate of Service
I hereby certify that on January 11, 2012, I caused true copies of the above document to be sent to counsel for Plaintiffs, by overnight mail.
Brandon Tookes

3

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Illinois

| | | |
|---|---|---|
| OPENMIND SOLUTIONS, INC. | ) | |
| *Plaintiff* | ) | Civil Action No.   1:11-cv-01883-EGS |
| v. | ) | |
| DOES 1-565 | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | District of Columbia          ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Subpoena Compliance/Custodian of Records,  Comcast Cable Holdings, LLC c/o CT Corporation System 208 S LaSalle St. Suite 814, Chicago, IL 60601-1101

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: In accordance with the conditions in the attached order, provide the name, current (and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses of all persons whose IP addresses are listed in the attached spreadsheet. We will be pleased to provide data to you in the most efficient and cost effective format if you let us know what your preferred format is.

| Place: Prenda Law Inc.<br>        161 N Clark St. Suite 3200<br>        Chicago, IL 60601 | Date and Time:<br><br>     01/06/2012 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  ___11/28/2011___

|  CLERK OF COURT | | |
|---|---|---|
| | OR | |
| | | /s/ Paul Duffy |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*

Openmind Solutions, Inc. _____ , who issues or requests this subpoena, are:

Paul Duffy; Prenda Law Inc.; 161 N Clark St. Ste. 3200, Chicago, IL 60601;pduffy@wefightpiracy.com; (312) 334-3207.

Case: 1:12-cv-00262 Document #: 1 Filed: 01/13/12 Page 5 of 15 PageID #:5

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SUBPOENA ATTACHMENT

The times listed below are in Coordinated Universal Time (UTC)

| IP Address | Date/Time (UTC) |
|---|---|
| 173.11.213.65 | 2011-09-22 18:36:38 |
| 174.48.129.166 | 2011-09-03 04:25:25 |
| 174.48.144.67 | 2011-09-20 01:56:01 |
| 174.48.237.73 | 2011-09-21 21:48:38 |
| 174.48.44.249 | 2011-10-19 02:07:54 |
| 174.49.82.171 | 2011-09-01 23:23:15 |
| 174.50.118.106 | 2011-09-21 16:24:20 |
| 174.52.160.180 | 2011-08-31 13:10:23 |
| 174.53.195.137 | 2011-09-13 11:52:01 |
| 174.59.60.204 | 2011-08-31 14:44:29 |
| 174.60.37.102 | 2011-08-30 20:50:22 |
| 174.62.217.139 | 2011-09-02 00:57:47 |
| 24.10.156.210 | 2011-08-31 14:18:26 |
| 24.10.200.70 | 2011-10-08 22:37:26 |
| 24.11.16.179 | 2011-09-01 20:45:03 |
| 24.12.57.59 | 2011-09-01 20:54:31 |
| 24.125.157.188 | 2011-09-15 02:08:13 |
| 24.127.118.22 | 2011-08-30 22:39:56 |
| 24.127.98.198 | 2011-09-27 19:04:11 |
| 24.128.21.29 | 2011-08-31 03:53:36 |
| 24.13.26.124 | 2011-09-26 14:43:11 |
| 24.13.26.187 | 2011-08-30 18:42:18 |
| 24.130.90.145 | 2011-09-16 05:33:36 |
| 24.131.23.35 | 2011-08-31 14:19:27 |
| 24.14.150.249 | 2011-09-03 22:47:34 |
| 24.14.178.242 | 2011-10-10 19:32:57 |
| 24.14.9.103 | 2011-08-31 21:50:04 |
| 24.15.104.82 | 2011-08-31 06:39:42 |
| 24.15.179.223 | 2011-09-02 06:07:17 |
| 24.17.1.73 | 2011-09-09 08:39:43 |
| 24.17.160.158 | 2011-09-09 18:46:45 |
| 24.19.168.91 | 2011-08-31 06:32:12 |
| 24.2.125.236 | 2011-10-18 22:05:40 |
| 24.2.173.21 | 2011-08-30 21:33:23 |
| 24.20.12.88 | 2011-08-31 23:10:38 |
| 24.20.219.114 | 2011-08-31 11:24:22 |
| 24.21.163.196 | 2011-09-08 06:31:34 |
| 24.218.135.89 | 2011-09-11 03:40:22 |
| 24.218.167.76 | 2011-09-01 03:10:52 |
| 24.3.121.48 | 2011-10-17 15:23:05 |
| 24.4.11.170 | 2011-08-31 16:29:18 |
| 24.4.168.173 | 2011-09-02 06:33:58 |

| | |
|---|---|
| 24.4.228.77 | 2011-09-10 22:17:11 |
| 24.4.253.174 | 2011-09-02 21:09:31 |
| 24.61.120.78 | 2011-09-08 04:28:07 |
| 24.62.193.149 | 2011-08-31 10:27:19 |
| 24.63.151.57 | 2011-10-07 01:01:01 |
| 24.8.231.196 | 2011-08-31 03:12:35 |
| 24.9.230.110 | 2011-09-30 20:03:38 |
| 50.129.107.10 | 2011-10-14 22:03:49 |
| 50.131.154.12 | 2011-09-09 22:26:59 |
| 65.96.141.85 | 2011-09-02 00:20:46 |
| 65.96.168.11 | 2011-08-31 13:05:55 |
| 66.176.228.39 | 2011-10-05 22:51:27 |
| 66.177.178.105 | 2011-09-14 21:15:28 |
| 66.177.189.158 | 2011-08-31 00:47:00 |
| 66.229.225.182 | 2011-08-31 01:35:32 |
| 66.30.243.155 | 2011-09-01 23:26:15 |
| 66.31.201.131 | 2011-09-10 01:03:14 |
| 66.31.219.216 | 2011-10-15 03:54:57 |
| 67.162.58.162 | 2011-09-06 20:27:51 |
| 67.164.253.164 | 2011-09-29 05:44:07 |
| 67.164.52.135 | 2011-08-31 06:07:40 |
| 67.164.58.228 | 2011-09-28 14:19:31 |
| 67.165.219.131 | 2011-08-31 16:50:20 |
| 67.166.229.132 | 2011-08-31 14:34:22 |
| 67.169.217.80 | 2011-10-14 05:04:51 |
| 67.170.109.44 | 2011-09-01 04:55:55 |
| 67.173.68.240 | 2011-09-05 17:16:48 |
| 67.174.169.38 | 2011-10-02 09:58:20 |
| 67.175.203.95 | 2011-08-31 06:43:14 |
| 67.177.41.195 | 2011-09-09 21:49:27 |
| 67.180.128.187 | 2011-10-17 15:25:29 |
| 67.181.14.8 | 2011-09-26 15:08:50 |
| 67.182.177.71 | 2011-10-19 20:54:04 |
| 67.182.85.230 | 2011-08-31 06:33:42 |
| 67.183.160.132 | 2011-09-04 22:25:18 |
| 67.183.23.12 | 2011-08-31 01:43:02 |
| 67.188.135.165 | 2011-08-31 22:10:07 |
| 67.188.33.151 | 2011-09-19 21:33:01 |
| 68.32.235.150 | 2011-09-01 01:46:41 |
| 68.34.160.207 | 2011-10-08 13:34:48 |
| 68.34.75.224 | 2011-09-01 03:21:22 |
| 68.36.164.103 | 2011-09-06 19:54:51 |
| 68.37.181.13 | 2011-09-29 02:37:21 |
| 68.37.182.163 | 2011-08-31 20:17:56 |
| 68.37.221.75 | 2011-08-31 13:37:53 |
| 68.40.59.73 | 2011-08-31 12:58:52 |
| 68.42.78.146 | 2011-08-31 09:24:16 |

| | |
|---|---|
| 68.43.220.105 | 2011-09-02 00:55:47 |
| 68.45.102.166 | 2011-10-19 00:28:59 |
| 68.48.135.216 | 2011-09-02 00:54:48 |
| 68.48.153.234 | 2011-10-01 07:04:23 |
| 68.49.128.70 | 2011-09-02 13:48:02 |
| 68.49.36.158 | 2011-08-30 19:21:20 |
| 68.54.134.8 | 2011-08-31 16:42:51 |
| 68.55.130.163 | 2011-09-03 14:57:03 |
| 68.56.212.122 | 2011-09-28 14:11:27 |
| 68.58.58.51 | 2011-10-04 02:47:50 |
| 68.58.80.226 | 2011-10-20 23:38:33 |
| 68.60.153.185 | 2011-09-11 06:02:18 |
| 68.61.27.155 | 2011-08-31 09:50:04 |
| 68.61.84.204 | 2011-09-04 05:24:29 |
| 68.62.155.170 | 2011-10-15 11:38:23 |
| 68.63.26.54 | 2011-08-31 01:05:31 |
| 68.82.56.57 | 2011-09-12 06:24:11 |
| 69.136.132.90 | 2011-09-01 23:25:44 |
| 69.136.216.162 | 2011-08-31 15:18:29 |
| 69.137.190.164 | 2011-08-31 15:53:00 |
| 69.137.79.103 | 2011-08-30 20:50:52 |
| 69.138.115.189 | 2011-09-02 02:19:35 |
| 69.139.124.98 | 2011-09-01 01:15:41 |
| 69.141.192.127 | 2011-09-19 15:34:50 |
| 69.143.25.42 | 2011-09-01 22:48:44 |
| 69.143.67.154 | 2011-08-31 16:36:49 |
| 69.242.132.129 | 2011-09-02 01:12:18 |
| 69.242.190.243 | 2011-10-03 17:58:10 |
| 69.242.213.146 | 2011-08-31 03:17:35 |
| 69.243.191.222 | 2011-08-31 03:32:35 |
| 69.246.10.203 | 2011-09-05 08:05:04 |
| 69.249.168.57 | 2011-09-27 01:59:44 |
| 69.249.183.26 | 2011-09-14 15:54:53 |
| 69.255.234.21 | 2011-08-30 18:42:18 |
| 71.193.1.28 | 2011-08-31 15:06:00 |
| 71.193.184.215 | 2011-09-10 21:43:01 |
| 71.193.217.24 | 2011-09-14 09:49:52 |
| 71.194.193.212 | 2011-09-17 03:06:41 |
| 71.195.231.163 | 2011-09-04 22:18:45 |
| 71.196.5.207 | 2011-09-26 15:53:07 |
| 71.199.83.163 | 2011-08-31 19:17:16 |
| 71.201.35.117 | 2011-08-31 14:18:26 |
| 71.205.61.18 | 2011-09-26 21:31:10 |
| 71.206.13.60 | 2011-08-31 00:16:58 |
| 71.224.144.36 | 2011-09-04 14:36:29 |
| 71.229.236.179 | 2011-09-15 19:59:13 |
| 71.231.146.67 | 2011-10-07 01:39:49 |

| | |
|---|---|
| 71.233.41.64 | 2011-09-09 02:33:11 |
| 71.237.80.89 | 2011-09-19 17:20:53 |
| 71.237.85.95 | 2011-08-31 12:03:51 |
| 71.238.202.118 | 2011-10-19 03:34:32 |
| 71.56.236.79 | 2011-10-14 15:31:03 |
| 71.60.196.160 | 2011-08-31 11:53:50 |
| 71.60.52.176 | 2011-09-23 16:31:38 |
| 71.62.105.217 | 2011-08-31 10:37:53 |
| 71.62.118.145 | 2011-09-02 16:42:26 |
| 71.63.126.232 | 2011-09-07 16:55:54 |
| 71.63.22.102 | 2011-08-31 10:41:48 |
| 74.93.97.174 | 2011-09-01 22:48:14 |
| 75.144.208.245 | 2011-09-22 17:50:08 |
| 75.67.156.90 | 2011-09-02 19:57:44 |
| 75.67.237.104 | 2011-08-30 18:53:19 |
| 75.67.48.101 | 2011-08-31 03:23:05 |
| 75.69.216.42 | 2011-09-02 22:15:32 |
| 75.70.170.214 | 2011-09-10 20:25:59 |
| 75.72.115.160 | 2011-09-07 19:23:40 |
| 75.72.53.16 | 2011-09-14 09:39:12 |
| 75.73.0.142 | 2011-10-11 17:16:18 |
| 75.73.160.146 | 2011-09-15 23:43:30 |
| 75.73.7.155 | 2011-09-15 02:46:33 |
| 75.74.225.229 | 2011-08-31 03:13:05 |
| 76.102.38.210 | 2011-09-28 23:56:43 |
| 76.104.208.153 | 2011-10-10 22:40:08 |
| 76.110.178.55 | 2011-09-03 14:50:51 |
| 76.110.200.97 | 2011-08-31 01:24:02 |
| 76.110.43.119 | 2011-08-30 22:49:56 |
| 76.111.188.96 | 2011-08-30 22:27:55 |
| 76.112.47.186 | 2011-10-12 20:19:12 |
| 76.113.102.142 | 2011-08-31 11:30:49 |
| 76.114.4.172 | 2011-10-14 09:54:33 |
| 76.115.210.114 | 2011-08-31 13:28:53 |
| 76.115.27.172 | 2011-10-08 00:39:46 |
| 76.116.131.165 | 2011-08-31 06:11:42 |
| 76.118.48.4 | 2011-09-03 04:55:46 |
| 76.123.56.81 | 2011-09-05 16:15:16 |
| 76.17.10.3 | 2011-08-31 19:50:55 |
| 76.17.69.66 | 2011-09-01 08:04:21 |
| 76.18.38.184 | 2011-10-01 04:53:32 |
| 76.19.117.217 | 2011-09-13 07:04:17 |
| 76.19.129.30 | 2011-09-07 18:52:48 |
| 76.22.82.175 | 2011-09-01 05:21:56 |
| 76.24.180.77 | 2011-09-22 22:19:35 |
| 76.29.173.61 | 2011-08-31 20:40:02 |
| 76.30.141.31 | 2011-08-30 20:23:54 |

| | |
|---|---|
| 76.30.43.104 | 2011-08-31 06:13:10 |
| 76.97.179.51 | 2011-09-01 03:43:23 |
| 98.194.191.124 | 2011-09-30 17:48:35 |
| 98.198.149.16 | 2011-08-31 10:47:22 |
| 98.203.29.82 | 2011-10-16 15:03:20 |
| 98.204.74.213 | 2011-10-16 20:13:50 |
| 98.209.60.16 | 2011-09-03 03:46:35 |
| 98.211.0.204 | 2011-08-30 22:07:56 |
| 98.211.129.190 | 2011-08-30 19:42:20 |
| 98.220.209.38 | 2011-09-13 02:12:02 |
| 98.225.49.2 | 2011-09-03 23:27:05 |
| 98.226.201.26 | 2011-09-15 01:31:06 |
| 98.226.49.207 | 2011-09-03 06:16:01 |
| 98.228.125.110 | 2011-09-03 04:54:18 |
| 98.231.146.220 | 2011-09-27 23:05:41 |
| 98.231.169.117 | 2011-08-30 20:31:51 |
| 98.237.131.0 | 2011-09-02 07:33:50 |
| 98.237.90.79 | 2011-08-31 03:09:35 |
| 98.238.0.61 | 2011-08-31 00:43:33 |
| 98.242.110.23 | 2011-09-07 16:55:28 |
| 98.243.124.31 | 2011-09-21 05:17:19 |
| 98.244.113.160 | 2011-10-01 07:28:52 |
| 98.248.244.166 | 2011-09-27 02:07:35 |
| 98.250.155.150 | 2011-08-30 20:19:51 |
| 98.251.173.89 | 2011-08-31 14:13:28 |
| 98.253.35.20 | 2011-08-31 02:39:04 |
| 98.254.100.43 | 2011-10-12 14:56:06 |
| 98.254.105.220 | 2011-10-11 03:48:11 |
| 98.255.130.5 | 2011-09-14 05:46:25 |

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
                          )
OPENMIND SOLUTIONS, INC., )
                          )
            Plaintiff,    )
                          )
       v.                 )    Civil Action No. 11-1883 (EGS)
                          )
DOES 1-565,               )
                          )
            Defendants.   )
                          )
```

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference. Upon review of the Motion and the applicable law, the Court hereby **GRANTS** the Motion.

### I.   BACKGROUND

Plaintiff Openmind Solutions, Inc. is the exclusive owner of the copyright for the video "Throated - Katie Jordan" (the "Work"). Compl. ¶ 7. According to Plaintiff, numerous individuals illegally downloaded and distributed the Work over the Internet, using so-called "peer-to-peer" ("P2P") file "swapping" networks, in violation of the Copyright Act of 1976, 17 U.S.C. § 101 et seq. Although Plaintiff does not know the true names of the Doe Defendants, Plaintiff has identified each Defendant by a unique Internet Protocol ("IP") address assigned to that Defendant on the date and at the time of that Defendant's allegedly infringing activity. See Pl.'s Mem. of P. & A. in

Supp. Of Mot. for Leave to Take Disc. ("Pl.'s Mem.") at 5.
Plaintiff has also identified the ISPs that provided Internet
access and assigned the unique IP address to each Defendant,
based on information obtained from an on-line piracy technology
specialist at 6881 Forensics, LLC. *Id.; see also* Compl. Ex. A.
Plaintiff further represents that when given a Defendant's IP
address and the time and date of infringing activity, an ISP can
quickly and easily identify the name and address of the Doe
Defendant by referring to the ISP's subscriber activity log
files. Pl.'s Mem. at 5-6.

Plaintiff therefore seeks leave to serve limited, immediate
discovery on several non-party Internet Service Providers
("ISPs"), in the form of Rule 45 subpoenas, solely to determine
the true identities of the Doe Defendants, as well as any other
infringers that Plaintiff identifies during the course of this
litigation. Plaintiff seeks information sufficient to identify
each Defendant's true name, current and permanent address,
telephone number, email address, and Media Access Control ("MAC")
address. Pl.'s Mem. at 6-7. In addition, to the extent any ISP
identifies an intermediary ISP as the entity providing online
services, Plaintiff seeks leave to serve on any such later-
identified ISP, limited discovery sufficient to identify the Doe
Defendant prior to the Rule 26 conference. *Id.* at 6. Without
this information, Plaintiff alleges that it will be unable to
prosecute its claims or protect its copyrighted Work from ongoing

2

and repeated infringement. *Id.* at 7.

## II. ANALYSIS

Rule 26 of the Federal Rules of Civil Procedure provides as follows:

> Parties may obtain discovery regarding any
> nonprivileged matter that is relevant to any party's
> claim or defense . . . . For good cause, the court may
> order discovery of any matter relevant to the subject
> matter involved in the action. Relevant information
> need not be admissible at the trial if the discovery
> appears reasonably calculated to lead to the discovery
> of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

Courts have broad discretion in discovery matters and, pursuant to that discretion, may allow parties to conduct expedited discovery where good cause is shown. *See Warner Bros. Records, Inc. v. Does 1-6*, 527 F. Supp. 2d 1, 2 (D.D.C. 2007). Moreover, courts in this Circuit have consistently granted motions for leave to take expedited discovery in the context of this type of copyright infringement action, based on the simple fact that, without the information, a plaintiff cannot name any defendants in the case and cannot proceed any further. *See, e.g., Cornered, Inc. v. Does 1-2177*, No. 10-cv-1476 (CKK), 2010 WL 4259605, at *1 (D.D.C. Oct. 22, 2010); *G2 Prods., LLC v. Does 1-83*, No. 10-cv-41 (CKK), 2010 WL 253336, at *1 (D.D.C. Jan. 21, 2010); *Warner Bros. Records*, 527 F. Supp. 2d at 2.

The Court finds that Plaintiff has made a showing of good cause for the discovery it seeks, as the information is not only

3

relevant but crucial to the prosecution of Plaintiff's claims. This litigation cannot progress further without the true identities of the Defendants. Accordingly, the Court **GRANTS** Plaintiff's Motion, subject to the limitations set forth below.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference is **GRANTED**; and it is

**FURTHER ORDERED** that Plaintiff may serve Rule 45 subpoenas upon the ISPs identified in Exhibit A to the Complaint in order to obtain the true identity of each Doe Defendant who has allegedly infringed Plaintiff's Work. The subpoena must be limited to information sufficient to identify each Defendant, including each Defendant's true name, current and permanent address, telephone number, email address, and MAC address. Plaintiff may similarly serve Rule 45 subpoenas upon any intermediary ISP identified by any original ISP in response to Plaintiff's subpoenas; and it is

**FURTHER ORDERED** that any information disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in the Complaint; and it is

**FURTHER ORDERED** that if an when an ISP is served with a Rule 45 subpoena in this case, the ISP shall provide written notice,

which may include email notice, to the subscribers in question within five (5) business days; and it is

**FURTHER ORDERED** that any Defendant who wishes to move to quash the subpoena must do so before the return date of the subpoena, which shall be no earlier than thirty (30) days from the date of service; and it is

**FURTHER ORDERED** that the ISP shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash; and it is

**FURTHER ORDERED** that Plaintiff shall provide each ISP with a copy of this Memorandum Opinion and Order along with its subpoenas.

SO ORDERED.

Signed:     Emmet G. Sullivan
            United States District Judge
            November 22, 2011

5